Case 3:21-cv-02014-BEN-JLB   Document 44   Filed 12/01/21   PageID.792   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BBC CHARTERING CARRIERS GmbH & CO. KG, §§§ Plaintiff, §§ v. § FLUENCE ENERGY, LLC, et al., §§ Defendants. § | CIVIL ACTION NO. H-21-2235 |

### MEMORANDUM OPINION AND ORDER

Defendant Fluence Energy, LLC ("Fluence") has filed the pending Motion to Transfer to the Southern District of California ("Fluence's Motion") (Docket Entry No. 26). After carefully considering the parties' arguments, the records, and the applicable law, the court is persuaded that Fluence's Motion should be granted.

### I. Background and Procedural History

The two cases at issue involve a cargo shipment (the "Cargo") that Fluence alleges was damaged during transport from Vietnam to San Diego, California.[1] Plaintiff, BBC Chartering Carriers GmbH &

---

[1] See Fluence's Motion, Docket Entry No. 26, p. 6; Schenker Inc, Schenker Deutschland AG & SCHENKERocean Ltd's Response in Opposition to Fluence Energy LLC's Motion to Dismiss ("Schenker Defendants' Response to Motion to Transfer"), Docket Entry No. 28, pp. 2-5. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

Co. KG ("Plaintiff"), is a foreign entity organized and existing under the laws of a foreign nation, with its principal offices in Leer, Germany, and which was and is engaged in the business of operating vessels for the carriage of goods by sea.[2] Fluence is a domestic entity organized and existing under the laws of Delaware.[3] Pertinent to this action, Fluence was the shipper under a contract of affreightment evidenced by four bills of lading identified as Nos. BBHY1312001HS01, BBHY1312001HS02, BBHY1312001HS03, and BBHY1312001HS04 (the "Bills of Lading").[4] Defendant Schenker, Inc. ("Schenker") is a domestic entity organized and existing under the laws of Texas, and was the consignee identified on the faces of the Bills of Lading.[5] Defendant Schenker Deutschland AG ("Schenker Deutschland") is a foreign entity organized and existing under the laws of a foreign nation, with its principal offices located in Germany, and it was the merchant under a contract of affreightment evidenced by a BBC Booking Note dated March 1, 2021 (the "Booking Note").[6]

On March 1, 2021, Plaintiff issued the Booking Note to Schenker Deutschland as agents acting on behalf of SCHENKERocean,

---

[2] Complaint for Declaratory Judgment ("Complaint"), Docket Entry No. 1, p. 2 ¶ V.

[3] Id. ¶ VI.

[4] Id.

[5] Id. ¶ VII.

[6] Id. at 2-3 ¶¶ VIII.

Ltd. ("SCHENKERocean"), which is a non-vessel operating common carrier, or NVOCC.[7] The BBC Booking Note acknowledged a planned shipment on the ocean-going vessel the BBC FINLAND of the Cargo, which was to consist of at least 250 forty-foot containers said to contain dangerous goods.[8]

On April 14, 2021, Plaintiff issued the Bills of Lading, which contained the terms of the contracts of carriage.[9] The Bills of Lading Terms and Conditions contained the following forum selection clause:

> (iv) Whenever the U.S. COGSA applies, whether by virtue of carriage of cargo to or from the US or otherwise, any dispute arising out of or in connection with the Contract of carriage evidenced by this Bill of Lading shall be exclusively determined by the United States District Court for the Southern District of Texas, and in accordance with the laws of the United States. Merchant further agrees to submit to the jurisdiction of the Southern District of Texas and to waive any and all objections to venue.

BBC Bill of Lading Terms and Conditions, Exhibit 1 to Schenker Inc, Schenker Deutschland AG & SCHENKERocean Ltd's Response in Opposition to Fluence Energy LLC's Motion to Dismiss ("Schenker Defendants' Response to Motion to Dismiss"), Docket Entry No. 22-1, p. 2, at SPECIAL CLAUSES ¶ B.

---

[7]BBC Booking Note, Exhibit A-5 to BBC Chartering Carriers GmbH & Co. KG's Response in Opposition to Fluence Energy, LLC's Motion to Dismiss ("Plaintiff's Personal Jurisdiction Response"), Docket Entry No. 23-1, p. 27.

[8]Id.

[9]See Bills of Lading, Exhibits A-1 — A-4 to Plaintiff's Personal Jurisdiction Response, Docket Entry No. 23-1, pp. 5-25.

On or about April 15, 2021, the Cargo was loaded aboard the BBC FINLAND in Hai Phong, Vietnam.[10] After it departed, the BBC FINLAND encountered adverse weather,[11] which Fluence alleges caused the vessel to pitch and roll.[12] The vessel changed course and docked in Aomori, Japan, where the Cargo was inspected.[13] According to Fluence, the inspection revealed that many of the shipping containers had overturned, crushing both the containers and their contents.[14] Fluence alleges that eighty-seven of the containers were determined to be so badly damaged that they could not be reloaded onto the BBC FINLAND.[15] After Fluence's remaining cargo was reloaded, the vessel resumed its voyage to San Diego.[16]

### A. The California Action

After the BBC FINLAND arrived in San Diego, Fluence filed an *in rem* action against the vessel on July 8, 2021, in the United States District Court for the Southern District of

---

[10]Complaint, Docket Entry No. 1, p. 3 ¶ XI.

[11]Memorandum of Law in Support of Fluence Energy, LLC's Motion to Dismiss ("Fluence's Memo"), Docket Entry No. 11, p. 4; Plaintiff's Personal Jurisdiction Response, Docket Entry No. 23, p. 3.

[12]Fluence's Memo, Docket Entry No. 11, p. 4.

[13]Id.; Plaintiff's Personal Jurisdiction Response, Docket Entry No. 23, p. 3.

[14]Fluence's Memo, Docket Entry No. 11, p. 4.

[15]Id.

[16]Fluence's Memo, Docket Entry No. 11, p. 4; Plaintiff's Personal Jurisdiction Response, Docket Entry No. 23, p. 3.

California seeking to arrest the vessel, conduct discovery, and recover damages.[17] <u>Fluence Energy, LLC v. M/V BBC Finland</u> (No. 3:21-cv-01239-BEN-JLB) (the "California Action").[18] The vessel was arrested and then released from arrest after Briese Schiffahrts GmbH & Co. KG MS "Filsum" ("Briese"), its owner, posted an $8.85 million bond as substitute security.[19]

Most of the affirmative defenses in Briese's answer claim that Briese's liability should be either limited or eliminated under federal law, including the Carriage of Goods by the Sea Act ("COGSA"), the Harter Act, the Shipowner's Limitation of Liability Act, and general principles of federal admiralty and maritime law.[20] Eight of Briese's defenses expressly invoke the Bills of Lading.[21]

### B. The Texas Action

On July 9, 2021, Plaintiff filed a Complaint for Declaratory Judgment in this court (the "Texas Action") as charterer of the BBC

---

[17]Fluence's Memo, Docket Entry No. 11, p. 4; Plaintiff's Personal Jurisdiction Response, Docket Entry No. 23, p. 3; <u>see also</u> the California Action, Exhibit A to Fluence's Memo, Docket Entry No. 11-1.

[18]July 9, 2021, Order, Exhibit C to Fluence's Motion, Docket Entry No. 26-4.

[19]<u>See</u> July 16, 2021, Order Granting Joint Motion to Release Vessel, Exhibit D to Fluence's Motion, Docket Entry No. 26-5; Vessel Release Bond, Exhibit E to Fluence's Motion, Docket Entry No. 26-6.

[20]Verified Answer and Affirmative Defenses of Specially Appearing Claimant to the Vessel, Exhibit F to Fluence's Motion, Docket Entry No. 26-7, pp. 5-6 ¶¶ 4-10; p. 8 ¶¶ 15-16; p. 9 ¶¶ 19-20.

[21]<u>Id.</u> at 5 ¶¶ 4, 6; 6-7 ¶¶ 7-10; 8 ¶ 17; and 9 ¶ 19.

FINLAND based on the Bills of Lading.[22] Plaintiff seeks to eliminate or limit its liability for damage to Fluence's Cargo.[23]

Schenker and Schenker Deutschland filed a crossclaim against Fluence,[24] and SCHENKERocean filed a complaint-in-intervention.[25] Like Plaintiff, the Schenker Defendants seek declaratory judgments either eliminating or limiting their liability for damage to Fluence's Cargo.[26]

Fluence filed its Motion to Transfer to the Southern District of California on September 23, 2021.[27] Plaintiff responded on October 14, 2021.[28] The Schenker Defendants also filed a response,[29] but have since withdrawn their opposition to Fluence's Motion.[30]

---

[22] Complaint, Docket Entry No. 1, p. 2.

[23] Id. at 7 ¶¶ 1-5.

[24] Schenker, Inc. & Schenker Deutschland AG's Answer and Cross-Claim, Docket Entry No. 3.

[25] SCHENKERocean, Ltd.'s Complaint in Intervention, Docket Entry No. 4.

[26] Schenker Inc. & Schenker Deutschland AG's Amended Cross-Claim Against Fluence Energy LLC ("Amended Cross-Claim"), Docket Entry No. 20, p. 4 ¶¶ 1-3; SCHENKERocean Ltd.'s Amended Complaint in Intervention ("Amended Intervenor Claim"), Docket Entry No. 21, p. 4 ¶ 1.

[27] Fluence's Motion, Docket Entry No. 26.

[28] BBC Chartering Carriers GmbH & Co. KG's Response in Opposition to Fluence Energy, LLC's Motion to Transfer ("Plaintiff's Response"), Docket Entry No. 29.

[29] Schenker Defendants' Response to Motion to Transfer, Docket Entry No. 28.

[30] Schenker, Inc., Schenker Deutschland, AG & SCHENKERocean Ltd.'s Notice Regarding Fluence Energy, LLC's Motion to Transfer, Docket Entry No. 36, p. 1 ¶ 4.

Fluence filed a Reply in Further Support of its Motion on October 21, 2021.[31]

## II. Standard of Review

"In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case." Gateway Mortgage Group, L.L.C. v. Lehman Brothers Holdings, Incorporated, 694 F. App'x 225, 227 (5th Cir. 2017) (quoting Mann Manufacturing, Inc. v. Hortex, Inc., 439 F.2d 403, 407 (5th Cir. 1971)). Accordingly, "[u]nder the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). "If the likelihood of substantial overlap exists, then the proper course of action [is] for the [second-filed] court to transfer the case to the first-filed court." White v. Peco Foods, Inc., 546 F. Supp. 2d 339, 342 (S.D. Miss. 2008) (internal quotations and citation omitted).

The first-to-file rule "'rests on principles of comity and sound judicial administration[,]'" and the concern underlying the rule 'manifestly is to avoid the waste of duplication, to avoid

---

[31]Reply in Further Support of Fluence Energy, LLC's Motion to Transfer to the Southern District of California ("Fluence's Reply"), Docket Entry No. 32.

rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" In re Amerijet International, Inc., 785 F.3d 967, 976 (5th Cir. 2015) (quoting Cadle, 174 F.3d at 603). "[T]he cases need not be identical [for the rule to apply]; rather, 'the crucial inquiry is one of substantial overlap.'" Amerijet, 785 F.3d at 976 (quoting International Fidelity Insurance Co. v. Sweet Little Mexico Corp., 665 F.3d 671, 678 (5th Cir. 2011)). In deciding if substantial overlap exists, courts look to factors such as whether "the core issue . . . was the same[,]" West Gulf Maritime Association v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast District of the ILA, 751 F.2d 721, 730 (5th Cir. 1985), or if "much of the proof adduced . . . would likely be identical." Mann Manufacturing, 439 F.2d at 407. The first-to-file rule is particularly applicable to "a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere." West Gulf Maritime, 751 F.2d at 729. When faced with duplicate litigation, in addition to outright dismissal, it sometimes may be appropriate to transfer the action or stay it. Id. at 729 n.1.

To avoid the application of the rule, a plaintiff must demonstrate compelling circumstances that caution against transfer. White, 546 F. Supp. 2d at 342 (citing Mann Manufacturing, 439 F.2d at 407).

### III. Analysis

Fluence argues that "the 'first to file' rule calls for this later-filed lawsuit [the Texas Action] to be transferred to California because the cases' factual and legal issues substantially overlap."[32]

The California and Texas Actions both center on the damage that the Cargo allegedly sustained during the BBC FINLAND's voyage from Vietnam to San Diego.[33] Both actions will involve deciding whether federal law or various shipping contracts limit or eliminate different parties' liabilities for damage to Fluence's Cargo. In the Texas Action, Plaintiff and the Schenker Defendants seek limitation of liability under COGSA, the Bills of Lading, the BBC Booking Note, and/or SCHENKERocean Sea Waybills.[34] In the California Action, Briese seeks limitation of liability under COGSA, other federal statutes and common law, and the Bills of Lading.[35] Fluence has sued under the Sea Waybills in the California Action.[36]

---

[32] Fluence's Motion, Docket Entry No. 26, p. 6.

[33] See the California Action, Exhibit A to Fluence's Memo, Docket Entry No. 11-1, p. 3 ¶ 1; Complaint, Docket Entry No. 1, p. 3 ¶ XII.

[34] Complaint, Docket Entry No. 1, p. 6 ¶¶ XVI – XIX; Amended Cross-Claim, Docket Entry No. 20, pp. 3-4 ¶¶ 9-12; Amended Intervenor Claim, Docket Entry No. 21, pp. 3-4 ¶¶ 10-13.

[35] Verified Answer and Affirmative Defenses of Specially Appearing Claimant to the Vessel, Exhibit F to Fluence's Motion, Docket Entry No. 26-7, pp. 5-7 ¶¶ 4-10; p. 8 ¶¶ 15-16; p. 9 ¶¶ 19-20.

[36] Verified Complaint for Vessel Arrest and Money Damages for Breach of Maritime Contract, Exhibit A to Fluence's Motion, Docket Entry No. 26-2, p. 4 ¶ 8.

Plaintiff does not deny that the California Action was filed first or that the Texas and California Actions substantially overlap.³⁷ Instead, Plaintiff argues that the forum-selection clause in the Bills of Lading precludes transfer.³⁸ Plaintiff argues that "Fluence has also failed to identify a case standing for the proposition that the 'first-to-file' rule should trump the application of such a forum-selection clause" because "[n]o such case exists . . ."³⁹ But such cases do exist.

In Gateway Mortgage Group, 694 F. App'x at 226, the Fifth Circuit affirmed this court's decision to dismiss a case based on the first-to-file rule despite the existence of a forum-selection clause agreeing that "Harris County, Texas would be the 'exclusive venue' for any disputes 'aris[ing] under' the settlement agreement." In Strukmyer, LLC v. Infinite Financial Solutions, Inc., No. 3:13-cv-3798-L, 2013 WL 6388563, at *7 (N.D. Tex. Dec. 5, 2013), the court transferred a case under the first-to-file rule despite a forum-selection clause, holding that arguments about federal transfer statutes "and contractual forum-selection clauses are misplaced under a first-to-file rule analysis." The court held that the first-to-file rule "'not only determines which court may

---

³⁷See Plaintiff's Response, Docket Entry No. 29, pp. 20-21.

³⁸See id. at 21 (arguing that transferring the case would "deprive all forum-selection clauses of their effect . . .").

³⁹Id.

decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated.'" Id. (quoting Cadle, 174 F.3d at 606). The plaintiff in Bank of America v. Berringer Harvard Lake Tahoe, Civil Action No. 3:13-CV-0585-G, 2013 WL 2627085, at *4 (N.D. Tex. June 12, 2013) argued that "the terms of the agreements it entered into with the defendants waive any rights the defendants may have to challenge the plaintiff's choice of forum[,]" and that "by granting the defendants' motion to transfer, the court would be 're-writing the parties' agreements.'" The court rejected this argument as "preempted by the first-to-file rule[,]" and held that "[e]ven if the plaintiff is correct, the issue of whether the forum-selection clause binds the parties does not need to be addressed by the court in the second-filed action." Id.

There is substantial overlap between the Texas and California Actions. The resolution of one action will require reference to the same facts and legal authorities that will resolve the other. "[T]o avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result[,]" see Cadle, 174 F.3d at 603, the court will grant Fluence's Motion and transfer this action to the Southern District of California.

## IV. Conclusion and Order

For the reasons set forth above, Fluence Energy, LLC's Motion to Transfer to the Southern District of California (Docket Entry No. 26) is **GRANTED**, and this action is **TRANSFERRED** to the United States District Court for the Southern District of California.

**SIGNED** at Houston, Texas, on this 1st day of December, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE